UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**      'O'

| Case No. | 2:14-CR-00684-CAS-33 | Date | January 22, 2021 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Christopher Kendall, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendant | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| LEON ABEL GONZALEZ, PRO SE | NOT | X | | | | | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. 3582(c)(1)(A)(i) (Dkt. 2051, filed on August 31, 2020)

## I. INTRODUCTION

Defendant Leon Able Gonzalez is currently serving a 120-month sentence in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institute ("FCI") Lompoc for possession with intent to distribute controlled substances. His projected release date is September 26, 2024. As of the time of the parties' filings, defendant had served 53.2% of his 120-month sentence. Dkt. 2053 ("Opp.") at 2.

On August 31, 2020, defendant, appearing pro se, filed the instant motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1) based on an outbreak of COVID-19 at FCI Lompoc in April of 2020, and his contraction of the disease. Dkt. 2051 ("Mot."). The government filed an opposition on October 13, 2020. Defendant filed a reply on October 23, 2020, in which, among other things, he requested the assistance of counsel. Dkt. 2084 ("Reply"). The Court presented defendant's reply to the Federal Public Defenders Office for the Central District of California ("FPD"), but the FPD declined to accept the matter. Because criminal defendants do not enjoy a right to counsel in post-conviction matters, the Court proceeds to the parties' arguments.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**       **'O'**

**II.   BACKGROUND**

**A. Defendant's Underlying Offenses and Conviction**

Defendant's indictment and incarceration resulted from his participation in a conspiracy to distribute controlled substances in connection with a street gang named Big Hazard or Hazard Grande. Dkt. 1 ("Indictment") at 1, 57. According to the presentence report, defendant either sold or provided to a co-conspirator to sell a total of 357.9 grams of methamphetamine in three separate incidents in July, October and November of 2011. Dkt. 844 ("PSR") ¶¶ 9–12. In each incident, the methamphetamine was sold to a confidential informant. Id.

On May 10, 2016, defendant pled guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. Id. ¶¶ 2–3. At the time of the incidents, defendant, who was 43 years old, had two prior felony convictions for possession of controlled substances for sale. Id. ¶¶ 24(1), (3). Based on these priors, defendant was found to be a career offender, id. ¶ 25, and was sentenced to 120 months' incarceration followed by five years' supervised release, dkt. 941.

**B. Outbreak of COVID-19 and Defendant's Illness**

The basis for defendant's motion for an adjustment to his sentence is the outbreak of COVID-19 at FCI Lompoc in April 2020, and his contraction of the virus and lingering health effects. Currently, no inmates and two staff at FCI Lompoc have active cases of COVID-19, BOP, COVID-19: Coronavirus, https://www.bop.gov/coronavirus/ (last visited Jan. 13, 2021), and the government reports that the facility has instituted a range of preventative measures, including a requirement that inmates wear masks at all times, provision of personal disinfectant for inmates, and social distancing measures such as field housing, Opp. at 7–8.

On May 5, 2020, defendant was tested for COVID-19 and on May 6, the test result returned positive. Dkt. 2057 ("Med. Records") at 72; see Opp. at 2. Defendant relates he suffered a range of symptoms from April 16 to May 7, 2020, including chills, body aches, and headaches. Reply; see Med. Record at 36 ("Inmate reports HA, new loss of taste and smell, cough, muscle pain and chills" on May 9, 2020). But see Med. Records at 19 (apparently reporting defendant as "asymptomatic" on May 3, 2020); Opp. at 2–3 ("[D]efendant appears to have suffered no symptoms during his infection."). Regardless of the precise dates during which defendant experienced symptoms, both parties agree—and the record reflects—that defendant is now recovered. Reply; Opp. at 2; Med. Records at 36 ("Inmate denies cough, SOB, muscle pain, fatigue, sore throat, HA, new loss of taste and smell, and/or chills" on May 10, 2020). Nevertheless, on June 16, 2020, defendant complained that he had shortness of breath and requested an inhaler. Med. Records at 12; Opp. at 2–3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**      **'O'**

Sick or frail inmates at FCI Lompoc have a range of administrative options short of early release. The BOP can transfer vulnerable inmates to home confinement, which the government reports the BOP has done regularly. Opp. at 8–9. Additionally, the BOP has authority to grant an inmate a temporary furlough from custody. Opp. at 11. Finally, under 18 U.S.C. § 3582(c)(1)(A)—which, unlike the BOP's placement decisions, allows for judicial review—the BOP has initial authority to assess inmates' applications for compassionate release. Opp. at 11. On July 25, 2020, defendant appears to have sent the warden of FCI Lompoc, Patricia Bradley, a Trulincs message entitled "Request to Staff" requesting that she grant him early release pursuant to section 3582. Reply (copy of message attached); Mot. at 1. Defendant reports he has not received a response from the warden. Mot. at 1.

Defendant now requests that this Court modify his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that over 1,000 inmates and Lompoc have tested positive for COVID-19, including defendant himself. Mot. at 1. As a result of his illness, defendant continues to suffer severe headaches, shortness of breath and chest pains. Mot. at 1.

### III. LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations omitted). "Compassionate release provides an exception" to this general rule "in extraordinary cases." United States v. Holden, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *2 (D. Or. Apr. 6, 2020).

Prior to December 21, 2018, "the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons[.]" United States v. Esparza, No. 1:07-cr-00294-BLW, 2020 WL 1696084, at *1 n.1 (D. Idaho Apr. 7, 2020). But on December 21, 2018, Congress enacted—and the President signed into law—the First Step Act of 2018 ("the FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" United States v. Willis, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Accordingly, the FSA now "permits defendants to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons." United States v. Ayon-Nunez, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *2 (E.D. Cal. Feb. 12, 2020). "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." United States v. Marks, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

"Compassionate release is governed by 18 U.S.C. § 3582(c)." Willis, 382 F. Supp. 3d at 1187. The FSA modified Section 3582(c)(1)(A)(i) to allow for compassionate release when three requirements are met: "First, as a threshold matter, the statute requires defendants to exhaust

administrative remedies. Second, a district court may grant compassionate release only if 'extraordinary and compelling reasons warrant such a reduction' and 'such reduction is consistent with applicable policy statements issued by the Sentencing Commission.' Third, the district court must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'" United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The FSA "grants broad discretion to the district courts in providing relief[.]" Jones v. United States, No. 4:98-cr-10-01, 2020 WL 219311, at *3 (E.D. Va. Jan. 6, 2020).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The Court "may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) 'after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) after 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" United States v. Cooper, No. 2:14-cr-00228-JAD-CWH, 2020 WL 2064066, at *2 (D. Nev. Apr. 29, 2020) (alterations omitted) (citing 18 U.S.C. § 3582(c)(1)(A)). In addition, "[e]xhaustion occurs when the BOP denies a defendant's application[.]" United States v. Mondaca, No. 89-cr-00655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (citation omitted).

Defendant states that he has requested relief from the warden, but has received no response. Mot. at 1. He attaches a copy of the Trulincs message he sent to Warden Bradley to his Reply. The government's argument implies that the government does not consider this Trulincs message an "administrative request," see Opp. at 3, 15, and contends that the Court must wait at least 30 days from defendant's filing of an adequate administrative request before it can grant relief, id. at 19.

Other courts have found similarly informal messages adequate to constitute an administrative request. See, e.g., United States v. Blinks, No. 1:17-CR-0248 AWI SKO, 2020 WL 5366728, at *2 (E.D. Cal. Sept. 8, 2020) (administrative request requirement satisfied where "Defendant sent a letter to the warden"); United States v. Beauchamp, No. 1:11-CR-00384-NONE, 2020 WL 6875429, at *4 (E.D. Cal. Nov. 23, 2020) (administrate request requirement satisfied where defendant completed generic "request to staff" form (see Doc. No. 149-21 at 2.)). Here, therefore, because the warden has not responded to defendant's request, the Court concludes defendant has exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

Section 3582(c) "provides a path for defendants in 'extraordinary and compelling circumstances' to be released from prison early." Rodriguez, 424 F. Supp. 3d at 681 (citing 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL            'O'

U.S.C. § 3582(c)(1)(A)).  A number of district courts have determined that "extraordinary and compelling" reasons for compassionate release exist "when the prisoner suffers from preexisting health conditions that might make a COVID-19 infection more lethal." United States v. O'Neil, No. 3:11-cr-00017, 2020 WL 2892236, at *6 (S.D. Iowa June 2, 2020).  The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction. United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

Defendant contends that the outbreak of COVID-19 at FCI Lompoc, in conjunction with his having contracted the illness and his lingering symptoms, constitute extraordinary and compelling reasons that warrant a reduction in his sentence.  The government responds that COVID-19 alone cannot constitute an extraordinary and compelling reason.[1]  Opp. at 19.

A number of courts have determined that "a positive test for COVID-19 cannot demonstrate an extraordinary and compelling reason to justify release absent any symptoms, lasting complications, or inadequate care." United States v. Harris, No. 4:18-cr-00115, 2020 WL 4462256, at *2 (N.D. Ohio Aug. 4, 2020) (collecting cases).  Because defendant fails to establish that he suffered any symptoms or complications as a result of his initial COVID-19 diagnoses— and since defendant has subsequently tested negative for COVID-19—the Court cannot conclude,

---

[1] The government also argues the Court is bound by the Sentencing Commission's policy statement on Section 3582(c)(1), namely U.S.S.G. § 1B1.13 ("Section 1B1.13").  See Opp. at 20.  Section 1B1.13 is relevant because a sentence reduction under Section 3582(c)(1)(A) must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Section 1B1.13 has been such a policy statement, but since the passage of the FSA, courts differ on whether it remains "applicable."  See United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).  Section 1B1.13 addresses when a circumstance is "extraordinary and compelling."  U.S.S.G. § 1B1.13, cmt. n.1(A)–(D).  This Court has joined a growing number that find Section 1B1.13, while informative, is no longer binding on courts because it has not been updated since the sweeping changes brought by the FSA.  See U.S.A. v. Defendant(s), No. 2:99-CR-00257-CAS-3, 2020 WL 1864906 (C.D. Cal. Apr. 13, 2020).  Accordingly, "if the FSA is to increase the use of compassionate release, the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it." United States v. Brown, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019), order amended on reconsideration, 457 F. Supp. 3d 691 (S.D. Iowa 2020).  In any event, because the Court finds defendant has not established extraordinary and compelling reasons, the question of whether Section 1B1.13 is binging is moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL               'O'**

at this juncture, that "extraordinary and compelling" reasons exist that warrant a reduction in defendant's sentence.  See United States v. Zubkov, No. 14-cr-00773-RA, 2020 WL 2520696, at *3 (S.D.N.Y. May 18, 2020) (publication forthcoming) (determining that inmate failed to present "extraordinary and compelling" reasons justifying compassionate release where inmate contracted COVID-19 but subsequently "recovered"); accord United States v. Koval, No. 1:17-cr-00281-DADBAM, 2020 WL 4476554, at *5 (E.D. Cal. Aug. 4, 2020) ("the court does not find extraordinary and compelling reasons justifying compassionate release pursuant to § 3582(c)(1)(A) in part because defendant … has already contracted COVID-19."); United States v. Alaniz, No. 15-cr-00329-DAD-BAM, 2020 WL 4059581, at *5 (E.D. Cal. July 20, 2020) (denying inmate's motion for compassionate release because inmate "has already contracted COVID-19 and, fortunately, is now considered to have recovered from the virus.  As a result, granting him release arguably will not provide him with the protection sought by his motion: relief from the risk of contracting COVID-19."); United States v. Purry, No. 2:14-cr-00332-JAD-VCF, 2020 WL 2773477, at *2 (D. Nev. May 28, 2020) ("The premise of [inmate's] request was that his release would help prevent him from contracting the virus.  That need vanished when [inmate] tested positive for the virus.").

Furthermore, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); see United States v. Eberhart, No. 13-CR-313-PJH-1, 2020 WL 1450745 at *2 (N.D. Cal. Mar. 25, 2020) ("[A] reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

Finally, none of the ailments from which defendant suffers are "high risk" under the Centers for Disease Control and Prevention ("CDC") guidelines.  See CDC, COVID-19: People at Increased Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last accessed January 13, 2021).

Accordingly, defendant has failed to establish extraordinary and compelling reasons for release.

### C. Danger to the Community

In addition, prior to granting compassionate release, and "[e]ven where extraordinary and compelling reasons exist," the Court "must consider whether the defendant is 'a danger to the safety of any other person or to the community[.]'"  Mondaca, 2020 WL 1029024, at *3.  "To make this assessment," the Court considers a number of factors "including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL          'O'

resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose." Id.

The government argues that, even if defendant established extraordinary and compelling reasons for release, release would be impermissible because he remains a danger to the community as evidenced by his having been sentenced as a career offender. Opp. at 23.

Because the Court finds defendant has not identified extraordinary and compelling reasons for release, the Court does not reach the question of whether defendant would present a danger to the community if the Court were to modify his sentence.

### V.     CONCLUSION

For the foregoing reasons, defendant's motion for compassionate release is **DENIED**.

IT IS SO ORDERED.

|  |  |
|---|---|
| Initials of Deputy Clerk | 00 : 00 |
|  | CMJ |